UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


TYLER BIRKES and SCOTT PRESTON,                     Case No.: 3:09-CV-1084-AC

                        Plaintiffs,                 OPINION AND ORDER

            v.

TILLAMOOK COUNTY, by and through
the Tillamook County Sheriff's Office, a
municipal corporation of the State of
Oregon, a political subdivision of the State
of Oregon, and JAMES HILL, in his
individual and official capacity,


            Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

        Defendants Tillamook County ("County") and James Hill ("Hill") (collectively

"Defendants") move for entry of judgment pursuant to Federal Rule of Civil Procedure ("Rule") 54(b) based on the court's Opinion and Order issued May 10, 2011 ("Opinion"), which granted summary judgment in Defendants' favor with regard to the unlawful seizure and conversion claims of plaintiff Scott Preston ("Preston"). The claims of fellow plaintiff Tyler Birkes ("Birkes") remain unadjudicated. Because the claims presented by Preston and Birkes (collectively "Plaintiffs") are not sufficiently separable, factually or legally, and because immediate entry of judgment would not be in the interest of sound judicial administration, Defendants' motion is DENIED.

## Legal Standard

Rule 54(b) provides that,

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

District courts have wide discretion to determine the appropriate time to enter judgment under Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). When making that decision, the courts follow a two-step process. First, the court must have rendered a "final judgment" on the claim at issue, defined as "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright*, 446 U.S. at 7). Where, as here, the case involves multiple parties, "party"

has the same effect as "claim." *See* FED. R. CIV. P. 54(b) cmt. (1961).

Second, the court must determine whether any just reason exists to delay appeal on the already adjudicated claim. *Wood*, 422 F.3d at 878. This determination is reached by considering both the interests of sound judicial administration and the equities involved in the case. *Curtiss-Wright*, 446 U.S. at 8. The principle of sound judicial administration requires especially detailed examination: the court is to consider "whether the claims under review [are] separable" legally and factually, and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues. *Id.*

In general, Rule 54(b) certification is disfavored by the courts. Rather than being common practice, it "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants." *Morrison-Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). It is true that "Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991). But granting a Rule 54(b) motion is not routine, nor should it become so. *Wood*, 422 F.3d at 879. Therefore, the burden lies on the party moving for certification to show that their case's circumstances are unusual enough to merit departure from the court's general presumption against Rule 54(b). *U.S. Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*, No. 1:07-CV-00718, 2009 WL 650578, *2 (E.D. Cal. Mar. 12, 2009) (citing *Braswell Shipyards, Inc. v. Beazer E., Inc.* 2 F.3d 1331, 1335 (4th Cir. 1993)).

### Discussion

The parties do not dispute that a final judgment has, in fact, been rendered with respect to Preston's claims. By granting Defendants' motion for summary judgment, the court both fully

adjudicated Preston's claims and disposed of Preston as a party. Thus, that decision falls within the ambit of both the "claims" and "parties" prongs of Rule 54(b)'s final judgment requirement.

However, the parties do dispute whether just reason exists to delay Preston's appellate proceedings pending completion of Birkes's trial. Defendants make three arguments in support of their contention that there is no just reason for delay: first, Plaintiffs' claims are factually and legally distinct; second, granting Rule 54(b) entry of judgment will promote judicial economy; and third, Birkes (the remaining party) will not be prejudiced by a Rule 54(b) entry of judgment with respect to Preston's claims. (Sur-Reply in Supp. of Defs.' Revised Mot. for Order and F.R.C.P. 54(b) J. of Dismissal ("Defs.' Sur-Reply") at 2.) In response, Plaintiffs argue that Preston and Birkes's claims arise out of similar factual and legal circumstances and that judicial economy is not promoted by having a parallel but separate judicial process on such similar claims. (Sur-Resp. to Mot. to Dismiss Form by Defs.' ("Pls.' Sur-Resp.") at 2-3.) The parties' disagreement is further clouded by their conflicting understandings of the ramifications of a Rule 54(b) entry of judgment.

I. Factual and Legal Severability

Defendants are correct in asserting that "when 'the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable,' a Rule 54(b) request should not be granted." (Mem. of Law and Reply in Supp. of Defs.' Revised Mot. for Order and F.R.C.P. 54(b) J. of Dismissal ("Defs.' Mem.") at 3, quoting *Wood*, 422 F.3d at 883.) But the holding in *Wood* is not quite so restrictive. In *Wood*, an ex-employee sued her former employer on multiple grounds arising out of her allegedly forced resignation. Some of the plaintiff's claims were dismissed via summary judgment and certified for immediate appeal under Rule 54(b). *Wood*, 422 F.3d at 875. The Ninth Circuit reversed certification, finding the case would "inevitably" return on the "same set

of facts," and, additionally, plaintiff's constructive discharge claims – while "distinct" – were closely legally related to plaintiff's age discrimination and wrongful discharge claims. *Id.* at 879-80. Under *Wood*, then, claims may be "distinct" yet still "not truly separable" enough for a court to grant a Rule 54(b) motion. *Id.*

Notwithstanding the parties' very different recollections of the events of June 22, 2008, the facts here, like those in *Wood,* are relatively straightforward. Hill approached Preston and Birkes's campsite with his firearm drawn. Birkes and Chopper (Preston's dog) approached Hill. In an effort to restrain Chopper, Birkes dove to the ground. While Birkes was on the ground, two shots were fired, including one that killed Chopper. (Op. 5-7.) Both Plaintiffs' claims are intertwined within this same factual scenario: that one shot was allegedly fired at Birkes while the other shot killed Chopper is not enough for Defendants to establish factual separability. Nor does legal separability allow Defendants to meet their burden of showing "no just cause for delay." It is true that Plaintiffs' § 1983 claims for unlawful seizure involve different objects (Birkes's person vs. Preston's dog), but these two claims arise out of the exact same statutory language and are closely legally related. In sum, Defendants' contention that Plaintiffs' claims can involve the same background facts and legal claims while somehow having different factual and legal bases is without merit.

Furthermore, Defendants' citations to *Henderson v. City and County of San Francisco*, No. CV-05-0234, 2009 WL 2058369 (N.D. Cal. July 13, 2009), and *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987) (Defs.' Mem. 3), simply underscore that Rule 54(b) motions should only be granted under particular circumstances. In *Henderson*, one of six plaintiffs, whose claim had significant factual differences from the other five, refused to execute a settlement agreement executed by all other parties. Because of both the factual differences

OPINION AND ORDER                              5                              {TPW}

in that plaintiff's claim and the potential impediments to settlement, the court granted Rule 54(b) certification. *Henderson*, 2009 WL 2058369 at *1-*2.  In *Continental Airlines*, the facts and legal issues raised were extremely complex, and certification shortened the impending trial by months. *Continental Airlines*, 819 F.2d at 1525.  Neither the issues raised by *Henderson* nor those from *Continental Airlines* are present here, and absent similar "seriously important" reasons, the Ninth Circuit will not review the same set of facts in a routine case more than once. *Wood*, 422 F.3d at 882.  This court finds that Plaintiffs' claims arise out of the same factual core, are closely legally related, and are, therefore, not sufficiently separable to merit granting Rule 54(b) entry of judgment.

II. Judicial Economy and Equities

While lack of factual and legal separability is sufficient to deny a Rule 54(b) motion, it is important to address Defendants' concerns about judicial economy and any potential prejudice to Birkes's remaining claims.  As noted earlier, Rule 54(b) judgment should be avoided unless the pressing needs of the litigants outweigh the potential for multiple, duplicate appeals. *Morrison-Knudsen*, 655 F.2d at 965.  Further, the burden lies with the moving party (here, Defendants) to show that the circumstances of their case merit Rule 54(b) judgment. *Braswell Shipyards*, 2 F.3d at 1335.

In this case, Defendants do not meet that burden, partially due to speculation about what actions this court would take if Preston's claims were certified for immediate appeal.  Defendants originally asserted that an immediate appeal of Preston's claims would enable both Plaintiffs' claims to be presented in a single trial (Defs.' Mem. 4), but Defendants failed to explain how such action would result in only one trial.  Defendants later clarified their position, asserting that if the court were to grant their Rule 54(b) motion, Defendants would ask the court to stay trial of Birkes's claims pending completion of Preston's appellate process. (Defs.' Sur-Reply at 2.)

OPINION AND ORDER                          6                                    {TPW}

This court is disinclined to grant such a stay.  Because of the appellate court's docket, there is virtually no possibility of securing an appellate opinion anytime before the late August, 2012, trial date on Birkes's claims, and for that same reason, a stay is likely to be lengthy.  This would be yet another significant delay in an already aged case.  Indeed, Defendants waited for nearly a full year after the court granted summary judgment on Preston's claims to petition for Rule 54(b) entry[1] – which strongly suggests that Defendants do not possess the usual haste associated with the phrase "no just cause for delay."  Furthermore, the request for a stay itself is another indication that the facts and legal issues of this case are not plausibly separable.  Granting Defendants' motion would thus create, as Plaintiffs correctly note, a parallel appellate process for Preston moving at an entirely different pace from Birkes's demonstrably similar claims.  (Pls.' Sur-Resp. 2.)

Finally, there is no equitable basis for granting Defendants' Rule 54(b) motion.  When there is no evidence that either party will be prejudiced by delaying the appellate process, courts will default to their presumption against granting Rule 54(b) certification.   Neither party will be prejudiced here.  Preston certainly will not be prejudiced; in fact, Preston is requesting that his appellate process be delayed.  (Pls.' Sur-Resp. 3.)  Nor have defendants offered any evidence that they will be prejudiced by postponing Preston's appeal, other than to suggest that some witnesses from Tillamook might have to testify twice should Preston prevail on his appeal.  This is an inconvenience, not an undue burden, and it is not enough to overcome either the legal and factual ties between Plaintiffs' cases or the court's interest in preserving sound judicial administration.

---

[1] While Rule 54(b) does not specify a fixed time within which a motion under the rule may be filed, "the longer an aggrieved party waits after receiving notice of the court's ruling, the less likely it will be – in the typical case – that he can persuade the *nisi prius* court that there is, in the language of the rule, 'no just reason for delay.'"  *Bank of N.Y. v. Hoyt*, 108 F.R.D. 184, 185 (D.R.I. 1985).

*Conclusion*

For the foregoing reasons, Defendants' motion (#61) for entry of judgment pursuant to Rule 54(b) is DENIED.

DATED this 13th day of June, 2012.


_____ /s/ John V. Acosta _____

JOHN V. ACOSTA
United States Magistrate Judge