UNITED STATES DISTRICT COURT

DISTRICT COURT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TYLER BIRKES and SCOTT PRESTON, | 3:09-CV-1084-AC |
| Plaintiffs, | ORDER ON OBJECTIONS TO WITNESSES |
| v. | |
| TILLAMOOK COUNTY, by and through the Tillamook County Sheriff's Office, a municipal corporation of the State of Oregon, and JAMES HILL, in his individual and official capacity, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

This order resolves Plaintiff Tyler Birkes's ("Birkes") and Defendants Tillamook County and James Hill's ("Defendants") respective objections to witnesses testimony. The court also has issued a separate order containing its rulings on the parties' respective motions in limine. In the event of a conflict between this order and the court's ruling on the parties' motions in limine, the court's

Page 1 - ORDER ON OBJECTIONS TO WITNESSES

motions in limine rulings control.

## Plaintiff's Witnesses

Defendants' objections to Birkes's witnesses include one major theme applicable to multiple witnesses: the events occurring after the shooting. Defendants object to any witness testifying about what occurred after Deputy Hill fired the two shots. The court sustains in part and overrules in part this objection as to all witnesses in which the objection is raised. The relevant facts are those leading up to and during Hill's firing of his weapon. The events that followed Hill's firing of his weapon are generally inadmissible because they are not relevant to the jury's assessment of whether Hill's use of force was reasonable and whether, in drawing his weapon, he effected an unlawful seizure of or assault upon Birkes.

However, witnesses present in the campsite will be permitted to testify to their reaction to shots being fired, including their perceptions of the presence or sound of bullets coming into the campsite. This testimony is relevant to the question of the direction in which Hill fired his weapon, a material fact in dispute. Hill claims he fired at the dog, which was not in the direction of the campsite and that he did not fire at or into the campsite at any point during the event. Birkes intends to call witnesses who will state that they heard shots come into the campsite. Their contemporaneous perceptions as well as the dog's position in relation to Birkes and to the campsite at the time Hill fired his weapon are relevant and probative on this disputed fact.

Witnesses also may testify to statements they made or made by others present in the campsite at the time the shots were fired or immediately following the shots. This includes statement made to Hill to stop shooting into the campsite because those statements are excited utterances or constitute present sense impression, and are probative of the direction in which Hill fired.

Witnesses may not testify to their observations of Hill returning to his vehicle after he discharged his weapon, conversations they had with responding officers at the scene, or attempts to help Chopper after he was shot, including efforts to obtain treatment for him. None of these observations are relevant to the direction in which Hill fired his weapon or to the circumstances existing at the time Hill discharged his weapon.

As to Defendants objections specific particular witnesses, the court rules as follows:

1. <u>Jorge Gutierrez</u>: **SUSTAINED.** He may not testify about prior interactions with Hill in which Hill allegedly threatened to shoot other campers' dogs.

2. <u>A.J. Hartenberger</u>: **OVERRULED.** He may testify about his experience with firearms. This testimony is probative on the accuracy of his perception of the direction from which Hill fired the shots and to Hartenberger's present sense impression about the shots being fired into the campsite.

3. <u>Dr. Kris Otteman, D.V.M</u>: **SUSTAINED.** Her testimony is excluded in its entirety. There is no dispute that Hill fired two shots and that only one shot was found in the dog, and no issue has been raised regarding the accuracy of Dr. Otteman's findings. Thus, her testimony is not relevant to establish that only one shot was found in the dog. Further, because Preston's claims have been dismissed, the death of the dog no longer is relevant to resolving any issue in the case and, thus, any medical testimony about a post-mortem of the dog is not probative to any issue in the case. However, Birkes may and testify that a medical post-mortem established that only one bullet was found in the dog, as the parties agree that only one bullet was found in the dog.

4. <u>Tessa Perkins (Feazle)</u>: **SUSTAINED.** Her testimony is excluded in its entirety. She was not present at the campsite at the time of the shots were fired. She observed none of the events

leading up to Hill drawing and discharging his weapon, and she was not present in the campsite to hear the statements made by those present that would constitute excited utterances or present sense impressions.

5. Scott Preston: **SUSTAINED.** His testimony about what the group did during the weekend, prior to the events leading up to the shooting, is excluded.

### Defendant's Witnesses

1. Todd Anderson: **SUSTAINED.** Anderson's testimony regarding the absence of prior complaints against Hill is inadmissible character evidence. Further, the court has excluded testimony by Gutierrez regarding prior instances in which Hill threatened to shoot the dogs of other campers, so Anderson's testimony is not necessary to counter that evidence. Also, Anderson's testimony is not probative on the circumstances that existed at the time Hill discharged his weapon.

2. Yvonne Garcia: **SUSTAINED IN PART.** Post-shooting events are irrelevant, so whether Garcia interviewed any of the campers and how she conducted those interviews is irrelevant. However, Garcia may be called to testify to impeach any witness she interviewed if any such witness testifies at trial different from the information he or she gave to Garcia at the scene.

3. Jana McCandless: **SUSTAINED IN PART.** The number of shots fired is not disputed and McCandless's testimony is not needed to establish that Hill fired only two shots. However, defendants may call McCandless to testify that she responded to scene and directed other officers to interview the witnesses.

4. Landon Myers: **SUSTAINED.** This witness's testimony is excluded in its entirety. The number of shots fired is not disputed, so Myers's testimony on this point is not needed. Further, there is no dispute that Hill was investigating complaints by a single camper about ATV use in the

campground during the weekend. Other complaints, including specifically complaints about the Birkes party, are irrelevant unless those complaints were known to Hill at the time he was investigating the ATV complaint.

IT IS SO ORDERED

DATED this 9th day of August, 2012

JOHN V. ACOSTA
United States Magistrate Judge