UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


TYLER BIRKES and SCOTT PRESTON,                    Case No.: 09-CV-1084-AC

                         Plaintiffs,               OPINION AND ORDER

              v.

TILLAMOOK COUNTY, by and through
the Tillamook County Sheriff's Office, a
municipal corporation of the State of
Oregon, a political subdivision of the
State of Oregon, and JAMES HILL, in his
individual and official capacity,

                         Defendants.
_____

ACOSTA, Magistrate Judge:

*Introduction*

        Presently before the court are the cost bills filed by defendants Tillamook County (the

"County") and James Hill ("Hill")(collectively "Defendants").  Defendants seek to recover a total

of $2,425.20 in costs from plaintiff Tyler Birkes ("Birkes"), and a total of $1,619.05 in costs from plaintiff Scott Preston ("Preston")(collectively "Plaintiffs"). Plaintiffs oppose the imposition of any costs based on their financial status and inability to pay. Alternatively, Plaintiffs object to the reasonableness of the deposition costs, the amount of the witness fees and production costs, and any award of docket fees.

The court finds[1] that Defendants are entitled to only a portion of the costs requested and that Plaintiffs are financially able to bear the burden of Defendants' costs as assessed by the court. Accordingly, the court grants Defendants' cost bill against Birkes in the amount of $538.00 and Defendants' cost bill against Preston in the amount of $460.00.

*Background*

Plaintiffs filed a civil rights action against Defendants resulting from an interaction between Plaintiffs and Hill, who was acting in his capacity as a Deputy of the County Sheriff's Office, in a campground located in the County. During the interaction, Hill shot and killed Preston's dog and allegedly shot at Birkes as well. The court resolved Preston's claim on summary judgment, finding that Hill reasonably believed he was in imminent danger of physical injury from the dog at the time he fired his weapon at the dog. *Birkes v. Tillamook Cty.*, No. 09-CV-1084-AC, 2011 WL 1792135, at *7 (D. Or. May 10, 2011). At this time, Birkes conceded his Fourteenth Amendment claims and his common-law claims against the County, leaving for trial only claims for unreasonable use of deadly force against, and unlawful seizure of, Birkes under the Fourth Amendment, and a common law claim for assault. After a two-day trial, the jury found in favor of Defendants on all claims,

---

[1]The parties have consented to jurisdiction by magistrate in accordance with 28 U.S.C. § 636(c)(1).

resulting in the filing of a judgment dismissing the action on August 22, 2012.  Defendants filed their

cost bills on August 29, 2012.

<em>Legal Standard</em>

The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920, and

include:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title;

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under  section 1828 of this title.

Costs "should be allowed to the prevailing party."  FED. R. CIV. P. 54(d)(1)(2012).  This rule

creates a presumption in favor of awarding costs to the prevailing party; if a district court departs

from that presumption, it must provide an explanation so that the appellate court can determine

whether the district court abused its discretion.  *See, e.g. Ass'n of Mexican- American Educators v.

California*, 231 F.3d 572, 592-93 (9th Cir. 2000)(en banc)(if disallowing costs, the district court

should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate

or inequitable to award costs.").  *See also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th

Cir. 2003)(district court "need only find that the reasons for denying costs are not sufficiently

persuasive to overcome the presumption in favor of an award.").  Courts, however, are free to

construe the meaning and scope of the items enumerated as taxable costs in § 1920, *Taniguchi v. Kan Pacific Saipan, Ltd.*, 633 F.3d 1218, 1221 (9th Cir. 2011); *Aflex Corp. v. Underwriters Lab., Inc.*, 914 F.3d 175, 177 (9th Cir. 1990)(per curiam), and even if a party satisfies the definition of prevailing party, the district court retains broad discretion to decide how much to award, if anything. *Farrar v. Hobby*, 506 U.S. 103, 115-16 (1992). *See also Arboireau v. Adidas Salomon AG*, No. 01-105-ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002)(trial judge has wide discretion in awarding costs under FRCP 54(d)(1)). In exercising this discretion, the court may consider the amount of costs involved; a plaintiff's ability to pay the costs, including the possibility that the award may leave the plaintiff indigent; and the potential chilling effect on any future civil rights lititgants if the costs were imposed. *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). Ultimately, it is "incumbent upon the losing party to demonstrate why the courts should not be awarded." *Id*.

## Discussion

I.  Waiver of Costs

### A.  Birkes

In a declaration filed with his objections to Defendants' cost bill, Birkes represents that he has a net income of $1,600 per month, a monthly rental obligation of $650, and monthly bills equaling about $525, which includes a state garnishment of $100 per month, leaving him with only $200 a month for discretionary spending. He states that he lives month-to-month and that he is unable to pay a bill of $2,425.20.

Based on the information provided by Birkes, his regular monthly obligations equal approximately $1,175, leaving him with more than $425 for discretionary spending, not the $200 he

estimates in his declaration. While paying a bill of $2,425.20 may be a burden on Birkes, in light of the fact that the court has awarded less then the full amount requested and some of the costs will be shared between Birkes and Preston, the court denies Birkes's request to waive the taxing of all costs against him.

### B. Preston

Preston also seeks a waiver of the assessment of costs against him based on his inability to pay. In the objections to the cost bill, Preston's counsel represents that Preston is a musician who has no steady income and lives month-to-month. Preston has not presented a declaration or other evidence to support this statement nor has he presented any evidence of the amount of money he made from his music during the relevant period. Accordingly, Preston has failed to meet his burden to sufficiently demonstrate that he is unable to pay costs. The court denies Preston's request to waive the taxing of all costs against him based on the absence of evidence supporting his claim that he is financially unable to pay the costs.

## II. Objections to Costs

### A. Deposition Fees and Transcripts

Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" "Depositions are 'necessary' if introduced into evidence or used at trail for impeachment or cross-examination." *Arboireau*, 2002 WL 31455564, at *5. The costs of a deposition not used at trial still may be recovered "if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.* The underlying inquiry is whether the depositions reasonably seemed

necessary at the time they were taken.  *Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996)(citation omitted).

Defendants seek deposition costs of $1,909.10 against Birkes and $1,599.05 against Preston. Defendants acknowledge that they have included the costs of the depositions of Plaintiffs and Hill, totaling $1,599.05, in both cost bills but represent they do not seek to be reimbursed twice for these costs.  Consequently, any costs awarded for these deposition will be shared by Birkes and Preston.

Preston was not present in the immediate area where the shooting occurred and was not a useful witness for the description of the activities surrounding the incident.  Defendants did not call Preston as a witness at trial[2] or offer any of his deposition testimony as evidence.  In support of their partial summary judgment motion addressing Preston's claims for the loss of his dog, Defendants referenced only two pages of Preston's 139-page deposition transcript to establish that the dog was a "pit bull, Staffordshire terrier", and that he had last been leashed about a half hour before the incident.  This information could have been provided by either Birkes or Hill during their depositions.  In fact, Hill testified that the dog was a pit bull and was not controlled at the time of the incident.  Accordingly, the court finds the Preston deposition was not necessary for trial or a dispositive motion.  The court denies Defendants' request to recover the $699.00 paid for the Preston deposition.

The depositions of Birkes and Hill were referenced and relied on heavily by Defendants in support of their motion for partial summary judgment.  Additionally, as Birkes and Hill were the primary witnesses to the events surrounding the firing of the shot "at" Birkes, the deposition of these

---

[2]Preston did testify as a witness for Birkes at trial but his total testimony lasted less than a half hour.

witnesses was reasonably necessary to prepare for trial, even though the deposition transcripts were not used at trial. The court finds Defendants are entitled to recover the cost of the Birkes and Hill depositions, representing the sum of $900.05, and that Plaintiffs shall each be responsible for half of this amount.

Defendants also seek recovery of the costs associated with taking the depositions of Jana McCandless, Todd Anderson, and Yvonne Garcia, all of whom were identified by Defendants as possible witnesses, but none of whom testified at trial. Defendants argue that because Plaintiffs took the depositions of these three individuals, it was reasonable for Defendants to order the transcripts to prepare for trial. However, all of these witnesses either currently worked, or recently worked, in the County Sheriff's Office and were readily available to Defendants. Additionally, none of the deposition transcripts were used by Defendants in either a summary judgment motion or at trial. The court denies Defendants' request for the $350.05 associated with the deposition transcripts for these individuals.

### B. Witness Fees

Under 28 U.S.C. § 1920(3), a prevailing party may recover witness fees. A witness is entitled to a fee of $40.00 for each day the witness is testifying. 28 U.S.C. § 1821(2)(b) (2012) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."). *See also First Nat'l Mortg.Co. v. Federal Realty Inc. Trust*, 631 F.3d 1058, 1071 (9th Cir. 2011)(federal law allows recovery of only "forty dollars per day per witness"). Mileage is permitted in addition to this fee. 28 U.S.C. § 1821(c)(2) (2012) (providing for a "travel allowance equal to the mileage allowance" paid to federal employees). *See also Dimon v. Oregon*, No. 08-6152-HO, 2009 WL 3401048 (D. Or. Oct. 20, 2009) (awarding witness fee and mileage); *Kyei v. Oregon Dep't of Transp.* , No. 07-1697-

AC, 2010 WL 935489, at *4 (D. Or. March 11, 2010) (same).   To be taxable as costs, the witness's testimony must be material to an issue tried and reasonably necessary to its disposition.   *United California Bank v. THC Financial Corp.*, 557 F.2d 1351, 1361 (D. Haw. 1977).   The trial judge is in the best position to determine whether the testimony meets this standard.   *Id*.

Defendants seek recovery of $56.65 paid to Tessa Perkins and $62.20 paid to Clint McKenzie for witness fees and mileage.   Defendants listed McKenzie as a prospective witnesses in their witness list, representing that McKenzie was a camper who would testify about the actions of Hill and Birkes at the time of the shooting.   Plaintiffs, rather than Defendants, listed Perkins as a witness who would testify about the "total mayhem" she encountered when she returned to the campsite after Hill fired the two shots.   Defendants objected to Perkins's testimony, arguing that any testimony regarding what Perkins saw or heard when she returned to the campground after the shooting was not relevant and was unfairly prejudicial to Defendants.   Defendants did not call either witness at trial.

Consistent with its previous decision to exclude Perkins's testimony, the court finds Perkins's testimony was not material to the issues raised at trial as she was not present to observe the events leading up to Hill drawing and firing his weapon.   Similarly, the testimony to be offered by McKenzie, while arguably relevant to the trial, was duplicative and unnecessary, a conclusion apparently reached by Defendants as well as evidenced by their decision not to call McKenzie as a witness at trial.   Defendants' request for recovery of the $118.85 expended for witness fees and mileage is denied.

*C.  Copying Costs*

A prevailing party may recover "[f]ees for exemplification and the costs of making copies

of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (2012). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Teicher v. Regence Health and Life Ins. Co.*, No 06-1821-BR, 2008 WL 5071679, at *11 (D. Or. Nov. 24, 2008); *Arboireau*, 2002 WL 31466564, at *6 (citing *Fressell v. AT & T Tech., Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Arboireau*, 2002 WL 31466564, at *6 (citation omitted). Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel. *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995). A party's conclusory assertion that all copies were reasonable necessary to its case is, by itself, insufficient. *Kraft v. Arden*, No. 07-487-PK, 2009 WL 73869, at *9 (D. Or. Jan 8, 2009). *See also Arboireau*, 2002 WL 31466564, at *6.

Defendants seek recovery of $59.25 paid to third parties to obtain copies of Birkes's criminal and employment records. Birkes objects to these costs arguing that the documents were not necessary for trial preparation or were specifically excluded by the court, at trial.

Birkes alleged that as a result of Hill's conduct, he suffered emotional distress that interfered with his normal and usual activities and pecuniary loss to be proven at trial. Defendants' request of Birkes's employment records from his employer at the time of the incident sought information relevant to determining his pecuniary loss and how the incident affected his ability to work. Therefore, any copying costs attributable to obtaining these records are recoverable. Birkes and Hill were the only two people in the immediate vicinity when the shots were fired. Accordingly, this case boiled down to who the jury would believe, Birkes or Hill, making evidence of Birkes's truthfulness

relevant and necessary to Defendants' defense.[3]  Copying costs incurred by Defendants while investigating Birkes's truthfulness are recoverable.

Defendants issued a check to Lile Industries Companies ("Lile") in the amount of $35.00 to cover the cost of a witness fee and mileage related to a subpeona issued to Lile's records custodian, not copying costs.  Similarly, the $10.00 check issued to the State of Oregon was for a "record check", not copying costs.  There is no representation, or evidence, that Defendants ever received photocopies of any documents from either Lile or the state or that the payments made to these entities were related to the cost of making copies.  Defendants' request for recovery of these "copying costs" is denied.  On the other hand, the receipts for the payments made to Multnomah and Washington County Circuit Courts, and to Beaverton Municipal Court, clearly identify that the costs are associated with copies.  Defendants are entitled to recover the $14.00 in copying costs paid to these courts.

Defendants also seek recovery of $18.00 for both color, and black and white copies of trial exhibits made by their attorney.  Birkes objects to the amount of the charges, arguing that the $1.00 per color copy and $0.20 for black and white copies is more than what local copy shops charge for the same copies.  Birkes's counsel states in her declaration that she surveyed several downtown copy shops and determined that they would charge from $0.35 to $0.79 for color copies and $0.07 to $0.10 for black and white copies.  The court finds that a reasonable rate for the photocopies of Defendants' exhibits is $0.50 for the twelve color exhibits and $0.10 for the thirty black and white exhibits, and awards Defendants $9.00 for these copies.

---

[3] The court specifically found that Birkes's prior conviction in Washington County for making a false statement was admissible under FRE 609(a)(2) because it necessarily required the giving of a false statement.

Finally, Defendants seek reimbursement of $300.00 paid to a third party for making copies of CDs containing audio interviews of witnesses Jorge Gutierrez, Alexander Hartenberger, Erika Hartenberger, Nick Almond, Tessa Perkins, and Clint McKenzie. Defendants represent that the copies were necessary expenses as they intended to use them at trial. Defendants identified the Gutierrez and Hartenberger CD's as trial exhibits 107-109 and presumably the CD's of Almond, Perkins, and McKenzie as impeachment exhibits 110-112. The first five individuals were identified as witnesses by Birkes and McKenzie was identified as a witness by Defendants. None of the CDs were offered as evidence at trial.

The court excluded Perkins's testimony in its entirety at the pretrial conference making the two CDs of her interview irrelevant. Similarly, as noted above, Defendants did not call McKenzie as a witness, likely because his testimony would have been duplicative and unnecessary. Accordingly, the two CDs of his interview was also unnecessary as possible impeachment evidence. With regard to the remaining witnesses, the court is unable to determine the length of the interviews and, therefore, unable to consider whether the creation of transcripts and the substitution of copies of such transcripts for the CDs would have been more economical than paying $20.00 for the reproduction of the interviews on the CDs. Assuming that defense counsel could have used office staff to transcribe the interviews, any transcript of less than 200 pages (or 800 pages if four pages were reproduced on one page) would have been more economical than the CDs. The court finds it extremely unlikely that any "recorded statement" would have exceeded fifty pages, in light of the fact that the depositions of the Plaintiffs were no longer than 139 pages, and Hill's deposition was 53-pages long, and finds it more likely that any recorded statement could have been transcribed on five to ten pages, making the cost of the exhibits $0.50 to $1.00, at $0.10 a page.

The court will not punish Birkes for Defendants' apparent uneconomical choice to copy the witnesses' recorded statements on CDs rather than transcribe and offer photocopies of the transcripts as exhibits 107 to 110. The court finds that an award of $5.00 per copy of the recorded statements offered by Defendants is reasonable. Defendants are entitled to recover $55.00[4] for the copies of the recorded statements of four witnesses.

*D. Docket Fees*

A prevailing party may recover a docket fee. 28 U.S.C. § 1920(5) (2012). That fee is $20.00 and is recoverable "on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases[.]" 28 U.S.C. § 1923(a) (2012). Plaintiffs object to the docket fee based only on their financial inability to pay any costs. The court finds that the award of a docket fee to be shared by the Plaintiffs is appropriate.

*Conclusion*

The court GRANT's Defendant's cost bill (#110) against Birkes in the amount of $538.00 representing $450.00 in deposition costs, $23.00 in copying costs, $55.00 for the cost of the eleven CDs, and $10 in docket fees, and GRANT's Defendants cost bill (#113) against Preston in the amount of $460 representing $450.00 in deposition costs and $10 in docket fees.

DATED this 4th day of March, 2013.


                              /s/ John V. Acosta
                          JOHN V. ACOSTA
                        United States Magistrate Judge

_____

[4]Defendants made three copies of the Gutierrez and Hartenberger statements and two copies of the Almond statements, for a total of eleven CDs.

12